KILPATRICK TOWNSEND & STOCKTON LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
ggilchrist@kilpatricktownsend.com
RYAN T. BRICKER (State Bar No. 269100)
rbricker@kilpatricktownsend.com
ALEXANDRA N. MARTINEZ (State Bar No. 317382)
amartinez@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA  94111
Telephone:   415 576 0200
Facsimile:   415 576 0300

Attorneys for Plaintiff
PATAGONIA, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| PATAGONIA, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TRADITION LLC,<br><br>　　　　　Defendant. | Case No. 2:18-cv-07972<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, AND COPYRIGHT INFRINGEMENT (INJUNCTIVE RELIEF SOUGHT)**<br><br>**JURY TRIAL DEMANDED** |

This lawsuit is necessary to stop Tradition LLC ("Tradition") from continuing to infringe, misuse, and trade on Patagonia, Inc.'s ("Patagonia") famous Fitz Roy logo trademark and its reputation and goodwill.  Tradition sells shirts and, Patagonia is informed and believes, other items that copy Patagonia's Fitz Roy logo trademark, placing its own TRADITION trademark in place of Patagonia's famous PATAGONIA trademark.  Patagonia repeatedly has demanded that Tradition stop this infringement but Tradition has failed to respond to Patagonia's demand or requests for information.  This lawsuit is necessary to stop Tradition from misappropriating of Patagonia's goodwill and reputation, and to recover appropriate compensation.  Patagonia alleges as follows:



COMPLAINT
CASE NO. 2:18-cv-07972

- 1 -

## **PARTIES, JURISDICTION, AND VENUE**

1.     Patagonia is a California corporation headquartered at 259 West Santa Clara Street, Ventura, California 93001.  For more than forty years, Patagonia has been designing, developing, and marketing outdoor apparel and related products.  Today, Patagonia and the PATAGONIA® brand are famous around the world for innovative apparel designs, quality products, and environmental and corporate responsibility.

2.   Tradition is a limited liability company with its principal place of business at the Beverly Center, 8500 Beverly Blvd, Los Angeles, CA 90048.  Tradition promotes its products at www.shoptradition.com and, Patagonia is informed and believes, Facebook and other social media sites.

3.     Patagonia's trademark claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq.*).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act).  This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) and 28 U.S.C. § 1332 (diversity).

4.     This Court has personal jurisdiction over Tradition because Tradition is headquartered in this district and offers its services and products to residents of California and this judicial district.  The infringing products that Tradition advertises and offers, and makes available to purchasers through its website or retail store, are capable of being ordered by and shipped to consumers in this judicial district, or simply purchased at retail in this judicial district and, Patagonia is informed and believes, infringing products have been sold in California and this judicial district.

5.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Tradition transacts business in this district and a substantial part of the events giving rise to the claims asserted arose in this district.



## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

**The History of Patagonia**

6.    Yvon Chouinard started Patagonia in the late 1960s to design and sell climbing clothes and other active sportswear.  He adopted "PATAGONIA" to differentiate the business from another family business that designed and manufactured climbing gear and tools.  PATAGONIA was chosen as the trademark to call to mind romantic visions of glaciers tumbling into fjords, jagged windswept peaks, gauchos and condors.  Since at least 1973, the PATAGONIA® brand has appeared on a multi-colored label inspired by a silhouette of the jagged peaks of the Mt. Fitz Roy skyline framed by a stormy sky.

7.    In the more than forty years since Patagonia's business started, the PATAGONIA® brand and the Fitz Roy logo have become one of the most identifiable brands in the world.  Patagonia's products now include a wide range of apparel and sportswear products, including T shirts, as well as technical products designed for climbing, skiing and snowboarding, surfing, fly fishing, and trail running, which are sold around the world.

8.    Over the years, Patagonia has earned accolades for every aspect of its business.  Its products have won numerous awards for their technical merit, including multiple "Gear of the Year" awards from Outside Magazine; multiple "Skier's Choice Awards" from Powder Magazine; the National Geographic Adventure Blog "Gear of the Year" award in 2010, 2013, 2014, and 2016; "Editor's Choice" and "Top Pick" awards from OutdoorGearLab; Men's Journal's "Gear of the Year" award; and the Gear Institute's "Best New Gear" award in Winter 2017.

9.    Patagonia also has won numerous awards and certifications for its business initiatives, including receiving the Sustainable Business Counsel's first "Lifetime Achievement Award."  In 1996, with an increased awareness of the dangers of pesticide use and synthetic fertilizers used in conventional cotton growing, Patagonia began the exclusive use of organically grown cotton and has



COMPLAINT
CASE NO. 2:18-cv-07972

- 3 -

continued that use for nearly twenty years.  It was a founding member of the Fair Labor Association, which is an independent multi-stakeholder verification and training organization that audits apparel factories.  Additionally, since 1985 Patagonia has pledged 1% of sales to environmental groups to preserve and restore our natural environment, donating $89 million to date.  In 2002, Patagonia's founder, Yvon Chouinard, along with others, created a non-profit called 1% For the Planet to encourage other businesses to do the same.  Today, more than 1200 member companies have donated more than $150 million to more than 3300 nonprofits through 1% For the Planet.  In 2012, Patagonia became one of California's first registered Benefit Corporations, ensuring Patagonia could codify into its corporate charter consideration of its workers, community, and the environment.  Last year, Patagonia funded 985 grant proposals to 954 environmental organizations.

**The PATAGONIA Trademark**

10.     Patagonia owns numerous registrations for and including the PATAGONIA trademark and Fitz Roy logo, both together and alone, for a wide ranging assortment of products.  Among these are the following U.S. trademark registrations for its PATAGONIA trademark:

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 1189402 / Feb. 9, 1982 | Men's and Women's Clothing – Namely, Sweaters, Rugby Shirts, Walking Shorts, Trousers, Jackets, Mittens, Hoods, and Rainwear. | 08/1974 |



COMPLAINT
CASE NO. 2:18-cv-07972

- 4 -

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
|  patagonia | 1294523 / Sept. 11, 1984 | Men's, Women's, and Children's Clothing – Namely, Jackets, Pants, Vests, Gloves, Pullovers, Cardigans, Socks, Sweaters, Underwear, Shirts, Shorts, Skirts, and Belts. | 08/1974-1981 |
| | 1547469 / July 11, 1989 | Men's, Women's, and Children's Clothing – Namely, Jackets, Pants, Shirts, Sweaters, Vests, Skirts, Underwear Tops and Bottoms, Socks, Gloves, Mittens, Hats, Face Masks, Balaclava, Gaiters, and Belts. | 08/1974 |
| patagonia | 1775623 / June 8, 1993 | Luggage, Back Packs, and All-Purpose Sports Bags. | 08/1988 |
| **PATAGONIA** | 1811334 / Dec. 14, 1993 | Luggage, Back Packs, Fanny Packs, and All-Purpose Sport Bags, Footwear, Ski Bags, and Ski Gloves. | 08/1990 |
| **PATAGONIA** | 2260188 / July 13, 1999 | Computerized on-line ordering activities in the field of clothing and accessories; providing information in the field of technical clothing and accessories for use in recreational, sporting, and leisure activities; providing information in the field of existing and evolving environmental issues. | 10/1995 |
| **PATAGONIA.COM** | 2392685 / Oct. 10, 2000 | On-line retail store and mail order services featuring technical clothing, footwear, and | 10/1995 |



COMPLAINT
CASE NO. 2:18-cv-07972

- 5 -

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| | | accessories; computer services in the nature of on-line information related to the environment and clothing. | |
| **PATAGONIA** | 2662619 / Dec. 17, 2002 | Retail store services featuring clothing, footwear, luggage, and a wide variety of sporting goods and accessories. | 06/1986 |

These registrations for the PATAGONIA mark and Fitz Roy logo are in full force and effect.  The Registrations have become incontestable under 15 U.S.C. § 1065.  Collectively, these marks, Patagonia's other registered trademarks, and its common law marks are referred to as the "PATAGONIA trademarks."  A color image of the Fitz Roy Design follows:



Patagonia also owns a registered copyright (Registration No. VA 1-801-788) for the Fitz Roy Design.

11.    The PATAGONIA trademarks are distinctive, arbitrary and fanciful, entitled to the broadest scope of protection, and certain of the PATAGONIA trademarks are registered in ninety countries.

12.    For many years prior to the events giving rise to this Complaint and continuing to the present, Patagonia annually has spent enormous amounts of time, money, and effort advertising and promoting the products on which its PATAGONIA



trademarks are used.  PATAGONIA® brand products are advertised in print and on the Internet.  In addition to advertising by Patagonia, the PATAGONIA trademarks are also advertised and promoted and presented at point of sale by numerous retailers. Consumers, accordingly, are exposed to the PATAGONIA trademarks in a variety of shopping and post-sale contexts.

13.     Patagonia has sold its PATAGONIA® brand products all over the world, including throughout the United States and California.  Through its promotion and investment in the PATAGONIA® brand—combined with extensive sales, publicity, awards, and leadership in sustainable sourcing practices—Patagonia has acquired enormous goodwill in its PATAGONIA trademarks.  The PATAGONIA trademarks are famous within the meaning of the Trademark Dilution Revision Act, enjoy strong consumer recognition, and are recognized around the world and throughout the United States by consumers as signifying high quality products made by a responsible company.

**Tradition's Infringement of Patagonia's Trademark Rights**

14.     Patagonia recently discovered that Tradition was manufacturing, distributing, offering for sale, and selling T shirts featuring designs that were similar or nearly identical to the Fitz Roy logo (the "Tradition Designs").  An example of a these products, next to a counterpart PATAGONIA brand T shirt tells the story:



Making matters worse, Tradition marketed these T shirts in such a way as to enhance a consumer's likely belief that the product originated with or was sponsored



COMPLAINT                                                                    - 7 -
CASE NO. 2:18-cv-07972

by Patagonia. If a consumer searched for "Patagonia" products on Tradition's retail website, the infringing product was returned as a search result.

15. Patagonia wrote on several occasions to Tradition and complained of the Tradition Designs, but Tradition failed to respond.

16. As is immediately evident, the Tradition Designs are essentially identical to the Fitz Roy logo. Tradition has substituted the term "TRADITION" (using identical font to the belwe font used by Patagonia when displaying its PATAGONIA trademark) where the PATAGONIA trademark traditionally appears, but is otherwise identical and copies the silhouette and unevenly striped sky and coloring used in the Fitz Roy logo. There is no explanation, except deliberate copying for the similarity of the Tradition Designs to the PATAGONIA Trademarks and registered copyright.

17. Tradition's use of the Tradition Designs has caused or will cause a likelihood of confusion among consumers regarding the source of Tradition products and whether Patagonia has sponsored, licensed, authorized, or is somehow affiliated with Tradition.

18. Tradition began using the Tradition Designs long after the Patagonia trademarks became famous. The Tradition Designs are likely to dilute Patagonia's famous and distinctive marks by diminishing their distinctiveness and singular association with Patagonia. Patagonia has no alternative but to protect its goodwill and famous trademark by obtaining an injunction against Tradition's further use of these copycat logos.

19. Patagonia is informed and believes that Tradition has manufactured, marketed, and sold substantial quantities of products bearing its Tradition Designs, and has profited and continues to profit from such sales.

20. Tradition's actions have caused and will cause Patagonia irreparable harm for which money damages and other remedies are inadequate. Unless Tradition is restrained by this Court, it will continue to cause irreparable damage



COMPLAINT
CASE NO. 2:18-cv-07972

- 8 -

and injury to Patagonia by, among other things:

    a.    Depriving Patagonia of its statutory rights to use and control use of its trademarks and copyrights;

    b.    Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing products;

    c.    Causing the public falsely to associate Patagonia with Tradition and/or its products, or vice versa;

    d.    Causing incalculable and irreparable damage to Patagonia's goodwill and diluting the capacity of its famous PATAGONIA trademark to differentiate its products from those of its competitors; and

    e.    Causing Patagonia to lose sales of its genuine PATAGONIA products.

21.    Accordingly, in addition to other relief, Patagonia is entitled to injunctive relief against Tradition and all persons acting in concert with it.

## FIRST CLAIM

## FEDERAL TRADEMARK INFRINGEMENT

### (15 U.S.C. §§ 1114-1117)

22.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 21 of this Complaint.

23.    Tradition has used, in connection with the sale, offering for sale, distribution, or advertising of its Tradition products and services, words and symbols that infringe upon the PATAGONIA trademarks.

24.    Tradition has programmed the search engine on its website so that it returns the infringing products in response to a consumer's search for Patagonia products.

25.    These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.



COMPLAINT
CASE NO. 2:18-cv-07972

26. As a direct and proximate result of Tradition's conduct, Patagonia is entitled to recover up to treble the amount of Tradition's unlawful profits and Patagonia's damages and an award of attorneys' fees under 15 U.S.C. §§ 1117(a).

27. Patagonia and the public will suffer irreparable harm if Tradition's infringements continue and Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Tradition to stop use of the Tradition Designs, and any other mark or design similar to the PATAGONIA trademarks.

## SECOND CLAIM

## FEDERAL UNFAIR COMPETITION

### (False Designation of Origin and False Description)

### (15 U.S.C. § 1125(a))

28. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 27 of this Complaint.

29. Tradition's conduct as alleged in this Complaint constitutes the use of symbols or devices tending falsely to describe the infringing products, within the meaning of 15 U.S.C. § 1125(a)(1). Tradition's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of the infringing products to the detriment of Patagonia and in violation of 15 U.S.C. § 1125(a)(1).

30. As a direct and proximate result of Tradition's conduct, Patagonia is entitled to recover up to treble the amount of Tradition's unlawful profits and Patagonia's damages, and an award of attorneys' fees under 15 U.S.C. § 1117(a).

31. Patagonia and the public will suffer irreparable harm if Tradition's infringements continue and Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Tradition to stop use of the Tradition Designs, and any other mark or design similar to the PATAGONIA trademarks.

/ / /

/ / /

COMPLAINT
CASE NO. 2:18-cv-07972

- 10 -

# THIRD CLAIM

## FEDERAL DILUTION OF FAMOUS MARK

### (Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c))

32.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 31 of this Complaint.

33.     Patagonia's PATAGONIA trademark is distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and was famous prior to Tradition's adoption of its copycat logos.

34.     Tradition's conduct is likely to cause dilution of Patagonia's PATAGONIA trademark by diminishing its distinctiveness and by disparaging Patagonia in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

35.     As a direct and proximate result of Tradition's conduct, Patagonia is entitled to recover up to treble the amount of Tradition's unlawful profits and Patagonia's damages, and an award of attorneys' fees under 15 U.S.C. §§ 1116(a), 1117(a), and 1125(c).

36.     Patagonia and the public will suffer irreparable harm if Tradition's infringements continue and Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c) that require Tradition to stop use of the Tradition Designs and any other mark or design similar to the PATAGONIA trademarks.

# FOURTH CLAIM

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

## UNDER CALIFORNIA STATUTORY LAW

### (Cal. Bus. & Prof. Code §§ 14320, 14335, and 17200 et seq.)

37.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 36 of this Complaint.

38.     Patagonia is the owner of numerous registrations for the PATAGONIA trademarks, as well as common law rights in those marks.



COMPLAINT
CASE NO. 2:18-cv-07972

39. Tradition is using designs that infringe upon Patagonia's PATAGONIA trademarks without the consent of Patagonia and in connection with the sale, offering for sale, distribution, or advertising of its Tradition products and services.

40. Tradition's infringement of Patagonia's PATAGONIA trademarks is likely to cause confusion, mistake, and deception as to the source of the origin of its offerings.

41. Tradition's uses the infringing designs to enhance the commercial value of its offerings.

42. Tradition's acts violate Patagonia's trademark rights under California Business & Professions Code §§14320 *et seq*. and §§ 14335 *et seq*.

43. Tradition's conduct as alleged in this Complaint also constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code §§ 17200 *et seq*.

44. Patagonia is entitled to monetary damages and injunctive relief prohibiting Tradition from using the Tradition Designs, Expanded Designs, or any other mark or design that is likely to be confused with the PATAGONIA trademarks.

45. Without injunctive relief, Patagonia has no means by which to control the continuing injury to its reputation and goodwill or that of its PATAGONIA trademarks. Patagonia and the public have been and will continue to be irreparably harmed if Tradition's infringement continues. No amount of money damages can adequately compensate Patagonia if it loses the ability to control its marks.

46. Because Tradition's actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to reasonable attorneys' fees and compensatory and punitive damages pursuant to California Business & Professions Code §§ 14320, 14330, and 14340.



COMPLAINT
CASE NO. 2:18-cv-07972

- 12 -

## FIFTH CLAIM

## TRADEMARK DILUTION UNDER CALIFORNIA LAW

### (Cal. Bus. & Prof. Code § 14330)

47. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 46 of this Complaint.

48. Patagonia owns valid and protectable rights in its PATAGONIA mark.

49. Tradition's acts are likely to dilute the distinctive quality of the PATAGONIA mark.

50. Tradition's acts constitute trademark dilution under California Business & Professions Code § 14330, the analogous statutes of other states, and under California common law.

51. Patagonia is entitled to monetary damages and injunctive relief prohibiting Tradition from using the Tradition Designs, Expanded Designs, and any other mark or design similar to the PATAGONIA trademarks. Without injunctive relief, Patagonia has no means by which to control the continuing dilution of the PATAGONIA mark. Patagonia and the public has been and will continue to be irreparably harmed by Tradition's infringement. No amount of money damages can adequately compensate Patagonia for such harm.

52. Because Tradition's actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to recover reasonable attorneys' fees and compensatory and punitive damages pursuant to California Business & Professions Code §§ 14320, 14330, and 14340.

## SIXTH CLAIM

## TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW

53. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 52 of this Complaint.

54. Plaintiffs own valid and protectable rights in their PATAGONIA trademarks at common law.

55.     Tradition's conduct is likely to cause confusion, to cause mistake, or to deceive as to the source of goods and services offered by Tradition or as to affiliation, connection, association, sponsorship, or approval of such goods and services, and constitutes infringement of Plaintiff's PATAGONIA trademarks at common law.

56.     Tradition infringed Patagonia's PATAGONIA trademarks with knowledge and intent to cause confusion, mistake, or deception.

57.     Tradition's conduct is aggravated by that kind of willfulness, wantonness, malice, and conscious indifference to the rights and welfare of Patagonia for which California law allows the imposition of exemplary damages.

58.     As a direct and proximate result of Tradition's activities, Patagonia has suffered substantial damage.

59.     Unless restrained and enjoined, the conduct of Tradition will further impair the value of the PATAGONIA trademarks and Patagonia's business reputation and goodwill.  Patagonia has no adequate remedy at law.

60.     Patagonia is entitled to monetary damages and injunctive relief prohibiting Tradition from using the Tradition Designs, Expanded Designs, and any other mark or design similar to the PATAGONIA trademarks.

61.     Without injunctive relief, Patagonia has no means by which to control the continuing injury to their reputation and goodwill or that of their PATAGONIA trademarks.  Patagonia has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia if it loses the ability to control its marks.

62.     Because Tradition's actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to recover reasonable attorneys' fees and compensatory and punitive damages.

/ / /

/ / /



COMPLAINT
CASE NO. 2:18-cv-07972

- 14 -

## SEVENTH CLAIM

## COPYRIGHT INFRINGEMENT

63.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 62 of this Complaint.

64.    Tradition's TRADITION Designs are substantially identical to and infringe material elements of Patagonia's copyright in the Fitz Roy logo.

65.    Tradition had access to and deliberately copied Patagonia's artwork on its own T shirt for its own commercial benefit.

66.    Under 17 U.S. Code § 504, Patagonia is entitled to recover either its own damages plus all of Tradition's profits, or statutory damages in an amount of no less than $250, but which – due to Tradition's willful infringement – increases up to $150,000 per infringement.

67.    Patagonia and the public will suffer irreparable harm if Tradition's infringements continue and Patagonia is entitled pursuant to 17 U.S. Code § 502 to an injunction requiring Tradition to stop further copying of Patagonia's artwork and under 17 U.S. Code § 503 to have any infringing articles impounded or destroyed.

## PRAYER FOR JUDGMENT

WHEREFORE, Patagonia prays that this Court grant it the following relief:

1.    Adjudge that the PATAGONIA trademarks have been infringed by Tradition in violation of Patagonia's rights under 15 U.S.C. § 1114;

2.    Adjudge that the PATAGONIA trademarks have been infringed by Tradition in violation of California statutory law;

3.    Adjudge that Patagonia's common law rights in the PATAGONIA trademarks have been infringed;

4.    Adjudge that Tradition has competed unfairly with Patagonia in violation of Patagonia's rights under 15 U.S.C. § 1125(a);

5.    Adjudge that Tradition has competed unfairly with Patagonia in violation of California statutory law;



COMPLAINT
CASE NO. 2:18-cv-07972

- 15 -

6.    Adjudge that Tradition's activities are likely to dilute Patagonia's famous PATAGONIA trademark in violation of Patagonia's rights under 15 U.S.C. § 1125(c) and/or California law;

7.    Adjudge that Tradition and its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

a.    Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that copy or display any words or symbols that so resemble Patagonia's PATAGONIA trademarks as to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for Patagonia, including, without limitation, any product or service that bears the Tradition Designs or any other approximation of Patagonia's trademarks or copyright;

b.    Using any word, term, name, symbol, device, or combination that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Tradition or its products with Patagonia or as to the origin of Tradition's goods, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising, or likely dilution of the PATAGONIA trademark;

c.    Further infringing the rights of Patagonia in and to its PATAGONIA trademark, or otherwise damaging Patagonia's goodwill or business reputation;

d.    Further diluting the famous PATAGONIA trademark;

e.    Otherwise competing unfairly with Patagonia in any manner; and

f.    Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;



COMPLAINT
CASE NO. 2:18-cv-07972

- 16 -

8. Adjudge that Tradition, within thirty (30) days after service of the Court's judgment, be required to file with this Court and serve upon Patagonia's counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

9. Adjudge that Patagonia recover from Tradition its damages and lost profits, and Tradition's profits, in an amount to be proven at trial;

10. Adjudge that Tradition be required to account for any profits that are attributable to its illegal acts, and that Patagonia be awarded (1) Tradition's profits and (2) all damages sustained by Patagonia, under 15 U.S.C. § 1117, plus prejudgment interest;

11. Adjudge that the amounts awarded to Patagonia pursuant to 15 U.S.C. § 1117 shall be trebled;

12. Adjudge, pursuant to 17 U.S. Code § 504, that Tradition be required to account for any profits earned from its copyright infringements and to pay Patagonia such profits and all damages sustained by Patagonia or, in the alternative, award statutory damages of not less than $250, up to $150,000 per infringement;

13. Adjudge that Tradition be obligated to pay punitive damages to Patagonia;

14. Adjudge that any articles found to be infringing be impounded or destroyed, along with any software, forms, prints, graphics or other means of rendering the infringements;

15. Adjudge that Patagonia be awarded its costs and disbursements incurred in connection with this action, including Patagonia's reasonable attorneys' fees and investigative expenses; and

16. Adjudge that all such other relief be awarded to Patagonia as this Court deems just and proper.

/ / /

/ / /

COMPLAINT
CASE NO. 2:18-cv-07972

DATED:  September 13, 2018    Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By:    */s/ Ryan T. Bricker*
        GREGORY S. GILCHRIST
        RYAN BRICKER
        ALEXANDRA MARTINEZ

Attorneys for Plaintiff
PATAGONIA, INC.



COMPLAINT
CASE NO. 2:18-cv-07972

- 18 -

## DEMAND FOR JURY TRIAL

Patagonia, Inc. demands that this action be tried to a jury.


DATED:  September 13, 2018       Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By:   */s/ Ryan T. Bricker*
GREGORY S. GILCHRIST
RYAN BRICKER
ALEXANDRA MARTINEZ

Attorneys for Plaintiff
PATAGONIA, INC.

71147769V.1

COMPLAINT
CASE NO. 2:18-cv-07972

- 19 -