| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | | 'O' |
| Case No. | 2:18-cv-07972-CAS-GJSx | | Date | March 4, 2019 |
| Title | PATAGONIA, INC. V. TRADITION LLC | | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) - PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Dkt. 13, filed December 21, 2018)

## I.   INTRODUCTION

On September 13, 2018, plaintiff Patagonia, Inc. ("Patagonia") brought this action against defendant Tradition LLC ("Tradition"). Dkt. 1 ("Compl."). Plaintiff alleges claims for: (1) federal trademark infringement, in violation of 15 U.S.C. §§ 1114–1117; (2) federal unfair competition, in violation of 15 U.S.C. § 1125(a); (3) federal dilution of a famous mark, in violation of 15 U.S.C. § 1125(c); (4) trademark infringement and unfair competition, in violation Cal. Bus. & Prof. Code §§ 14320, 14335, and 17200 et seq.; (5) trademark dilution, in violation of Cal. Bus. & Prof. Code § 14330; (6) trademark infringement under California common law; and (6) copyright infringement, in violation of 17 U.S.C. § 191 et seq. Id.

Defendant was served with the summons and complaint on October 1, 2018. Dkt. 9. On October 15, 2018, plaintiff requested the Clerk to enter default against defendant. Dkt. 10. Pursuant to the plaintiff's request, the Clerk entered default on October 16, 2018. Dkt. 11. On December 21, 2018, plaintiff filed the instant motion for default judgment. Dkt. 13 ("Mot."). Plaintiff's motion was unopposed. The Court held a hearing on February 4, 2019 and requested that plaintiff serve the moving papers on defendant. Plaintiff subsequently served the moving papers on defendant and filed proof of service on February 5, 2019. Dkt. 16. The Court held a second hearing on March 4, 2019.

Having carefully reviewed the motion, and plaintiff's supporting declaration and exhibits, the Court finds and concludes as follows.

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-07972-CAS-GJSx | Date | March 4, 2019 |
| Title | PATAGONIA, INC. V. TRADITION LLC | | |

## II. BACKGROUND

Plaintiff designs, develops, and markets outdoor apparel and related products. Compl. ¶ 1. Since at least 1973, the PATAGONIA® brand has appeared on a multi-colored label featuring the Mt. Fitz Roy skyline framed by a stormy sky:



Id. ¶¶ 7, 10 ("Fitz Roy design"). Plaintiff owns numerous registrations for the PATAGONIA trademark and the Fitz Roy design. Id. ¶ 10. Plaintiff also owns a registered copyright (Registered No. VA 1-801-788) for the Fitz Roy design. Id. ¶ 10, Ex. B.

Plaintiff marks many of its products with its Fitz Roy design, either alone or with its PATAGONIA trademark. Id. ¶ 10. Plaintiff alleges that, in the forty years since its business started, it has created considerable goodwill and a reputation for quality products. Id. ¶¶ 7–9; 12–13. According to plaintiff, its trademarks enjoy strong consumer recognition and signify high quality products made by a responsible company. Id. ¶ 13.

Plaintiff alleges that defendant, with knowledge of plaintiff's intellectual property rights, has manufactured, distributed, offered for sale, and sold t-shirts featuring designs that were similar or nearly identical to the Fitz Roy design. The following images compare defendant's product with a t-shirt sold by plaintiff:



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-07972-CAS-GJSx | Date | March 4, 2019 |
|---|---|---|---|
| Title | PATAGONIA, INC. V. TRADITION LLC | | |

Id. ¶ 14. According to plaintiff, if a consumer searched for "Patagonia" products on defendant's retail website, the allegedly infringing t-shirt was returned as a search result. Id.

Plaintiff wrote on several occasions to defendant about defendant's infringing design, but defendant failed to respond. Id. ¶ 15. Plaintiff subsequently filed this suit against defendant.

### III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Entertainment, Inc. v. Elias, 2004 WL 141959, *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1471–72; see also Elektra, 226 F.R.D. at 392.

### IV. DISCUSSION

Plaintiffs seek default judgment against defendant for statutory damages in the amount of $30,000, attorneys' fees of $3,000, and a permanent injunction to prevent future violations. Mot. at 5–7, 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-07972-CAS-GJSx | Date | March 4, 2019 |
|---|---|---|---|
| Title | PATAGONIA, INC. V. TRADITION LLC | | |

### A. Application of the Eitel Factors

#### 1. Risk of Prejudice to Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72. Plaintiff contends that despite its pursuit of the case and diligent attempts to notice defendant, defendant has ignored plaintiff and the judicial process. Mot. at 2. Given defendant's failure to litigate this case, plaintiff "will likely be without other recourse for recovery" if default judgment is not entered. Pepsi, 238 F. Supp. 2d at 1177. Accordingly, the first Eitel factor weighs in favor of entering default judgment.

#### 2. Sufficiency of the Complaint and the Likelihood of Success on the Merits

Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third Eitel factors assess the substantive merits of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover). Here, plaintiff seeks statutory damages for copyright infringement in violation of 17 U.S.C. § 101 et seq. Plaintiff also seeks injunctive relief under both the Copyright Act and the Lanham Act.

##### i. Copyright Infringement

To establish copyright infringement, plaintiff must show (1) ownership of a valid copyright, and (2) copying of constituent elements of a work that are original. See Rice v. Fox Broadcasting Co., 330 F.3d 1170, 1174 (9th Cir. 2003) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)). "Registration is prima facie evidence of the validity of a copyright." Three Boys Music Corp. v. Bolton, 212 F.3d 477, 488–89 (9th Cir. 2000). Copying may be established by a showing that the works are substantially similar in their protected elements and that the infringing party had access to the copyright work. See Rice, 330 F.3d at 1174 (quoting Metcalf v. Bochco, 294 F.3d 1069, 1072 (9th Cir. 2002)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-07972-CAS-GJSx | Date | March 4, 2019 |
|---|---|---|---|
| Title | PATAGONIA, INC. V. TRADITION LLC | | |

Having produced the copyright registration number for the Fitz Roy design, as well as a copy of the certificate of registration, plaintiff establishes a prima facie case of a valid copyright, and has demonstrated a strong likelihood of success on the merits. See Seoul Broad. Sys. Int'l, Inc. v. Korea Int'l Satellite Broad., No. CV 08-05119 SJO (VBKX), 2009 WL 10672770, at *3 (C.D. Cal. June 19, 2009) (explaining that because plaintiff had "presented evidence of copyright registrations received from the U.S. Copyright Office for thirty-five of the works referenced in the Second Amended Complaint, [plaintiff's] copyright infringement claim on these works appears strong on the merits").

In addition, plaintiff sufficiently pleads that defendant copied constituent elements of its original work. Plaintiff has provided images of the infringing design and screen captures that demonstrate that that garments with the infringing design are featured on defendant's website. Compl. ¶¶ 10; Mot. Ex. C. There is no question as to substantial similarity, as the designs appear identical, except in that the word "patagonia" is replaced by the word "tradition." Plaintiff contends that, because the works are virtually identical, the Court need not analyze the issue of access. Mot. at 10 (citing Unicolors, Inc. v. Urban Outfitters, Inc., 853 F.3d 980, 988 (9th Cir. 2017) (holding that where works were complex and strikingly similar, it was "unnecessary to consider the possibility that . . . [the infringing design] was the product of independent creation, coincidence, a prior common source, or any source other than copying"). Nonetheless, plaintiff's complaint sufficiently alleges that defendant had access to the Roy Fitz design because the PATAGONIA® brand and the Fitz Roy logo are "one of the most identifiable brands in the world," Compl. ¶ 7, and have been featured on plaintiff's products for decades, id. ¶ 10.

### ii. Trademark Infringement

To establish trademark infringement, plaintiff must show that (1) it owns valid and protectable trademarks, and (2) defendant's use of similar designs creates a likelihood of confusion as to the origin or sponsorship of defendant's goods. See Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1352, 1354 (9th Cir. 1985). The complaint sets forth plaintiff's registered trademarks. Compl. ¶10. Plaintiff also alleges that defendant's infringement of those marks creates a likelihood of confusion, mistake, and deception among consumers as to the source of the infringing garments, causes the public to falsely associate defendant with plaintiff, and that defendant is likely to dilute the distinctive quality of plaintiff's Fitz Roy logo. Id. ¶¶ 12–20. The Court finds that plaintiff has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-07972-CAS-GJSx | Date | March 4, 2019 |
|---|---|---|---|
| Title | PATAGONIA, INC. V. TRADITION LLC | | |

demonstrated a strong likelihood of success on the merits with respect to its Lanham Act claim.

Accordingly, plaintiff has stated a claim upon which it can recover, and the second and third Eitel factors weigh in favor of the entry of default judgment.

### 3. Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see also Eitel, 782 F.2d at 1471–72. "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No. 2:14–cv–09421–MMM–PJW, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); see also Walters v. Statewide Concrete Barrier, Inc., No. 3:04–cv–02559–JSW, 2006 WL 2527776, at *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Plaintiff seeks statutory damages in the amount of $30,000, and attorneys' fees in the amount of $3,000. Mot. at 5, 10. Plaintiff did not submit evidence in connection with this motion that addresses the expenses saved and profits reaped by defendant, or in turn, the revenues lost by plaintiff. Nevertheless, "statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." Microsoft Corp. v. Nop, 549 F.Supp.2d 1233, 1238 (E.D. Cal. 2008).

Under the Copyright Act, a statutory damages award for copyright infringement must be "a sum of not less than $750 or more than $30,000." 17 U.S.C. § 504(c)(1). For willful infringements, the Court may increase the award to a sum not more than $150,000. 17 U.S.C. § 504(c)(2). Plaintiff argues that it could seek a willful statutory award given defendant's direct copying of the Fitz Roy logo and its disregard for plaintiff's efforts to resolve the dispute. Mot. at 6. Instead, it seeks only $30,000, which the Court finds reasonable. Accordingly, this factor weighs in favor of the entry of default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-07972-CAS-GJSx | Date | March 4, 2019 |
|---|---|---|---|
| Title | PATAGONIA, INC. V. TRADITION LLC | | |

### 4. Possibility of a Dispute Concerning a Material Fact

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177. Plaintiff's production of both the Fitz Roy logo and screen captures of the infringing uses indicates that a factual dispute is unlikely as to the copying element of copyright infringement. In addition, because plaintiff has produced evidence of the validity of its copyright, a dispute of fact is unlikely as to the ownership element. This factor therefore militates in favor of entering default judgment.

### 5. Possibility of Excusable Neglect

The sixth Eitel factor considers whether the defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. Defendant was served with the summons and complaint on September 17, 2018. Dkt. 9. Default was entered on October 16, 2018. Dkt. 11. Plaintiff also served the instant motion for default judgment on defendant on February 5, 2019. Dkt. 16. Defendant has neither responded to this action nor attempted to have the default set aside. Where a defendant "[is] properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," there is little possibility of excusable neglect. Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). This factor therefore also militates in favor of entering default judgment.

### 6. Policy Favoring Decisions on the Merits

Under the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472. Of course, "this preference, standing alone, is not dispositive." PepsiCo, 238 F. Supp. 2d at 1177 (internal citation omitted). Rule 55(a) permits a court to decide a case before the merits are heard if a defendant fails to defend the suit. Here, defendant's failure to retain counsel and defend this action makes a decision on the merits impractical, if not impossible. Thus, the seventh Eitel factor does not preclude the entry of default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-07972-CAS-GJSx | Date | March 4, 2019 |
|---|---|---|---|
| Title | PATAGONIA, INC. V. TRADITION LLC | | |

### 7. Conclusion Regarding Eitel Factors

Apart from the policy favoring decisions on the merits and the possibility of excusable neglect, the Court concludes all of the remaining Eitel factors weigh in favor of default judgment, including the merits of plaintiff's claims. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citation omitted). Therefore, weighing all of the Eitel factors, the Court finds that entry of default judgment is appropriate.

### B. Relief Sought by Plaintiffs

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (internal quotation marks omitted). The "[p]laintiff has the burden of proving damages through testimony or written affidavit." See Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc., No. 04-02841 CW, 2005 WL 433462, at *2 (N.D. Cal. Feb. 24, 2005). Here, plaintiff seeks a moderate amount of damages, and has provided a declaration to substantiate its requested relief. See Dkt. 13-2, Declaration of Ryan Bricker ("Bricker Decl.").

### 1. Statutory Damages

Under the copyright laws of the United States, "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a). For statutory damages,

> the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just.

17 U.S.C. § 504(c)(1). There is a presumption that infringements are committed willfully when determining relief for a violation. See 17 U.S.C. § 504(c)(3)(A). In determining

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-07972-CAS-GJSx | Date | March 4, 2019 |
|---|---|---|---|
| Title | PATAGONIA, INC. V. TRADITION LLC | | |

the amount of statutory damages the district court has wide discretion. See Peer Int'l. Corp. v. Pausa Records, Inc., 909 F.2d 1332, 1336 (9th Cir. 1990); see also Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984).

Plaintiff requests statutory damages instead of actual damages. Mot. at 5–6. Plaintiff argues that statutory damages are appropriate because defendant's refusal to respond to the complaint frustrated plaintiff's ability to determine actual damages. Id. (citing Microsoft Corp., 549 F. Supp. 2d at 1238). As mentioned, plaintiff argues that rather than requesting statutory damages in the amount of $150,000 for defendant's presumptively willful infringement, plaintiff only requests reasonable damages in the amount of $30,000. Id. at 6. Plaintiff further argues that granting this maximum statutory award will help deter future infringement. Id. The Court finds plaintiff's arguments persuasive.

### 2. Fees and Costs

Under 17 U.S.C. § 505, courts have the discretion to award "the recovery of full costs" and reasonable attorneys' fees. See 17 U.S.C. § 505. "Plaintiffs in copyright actions may be awarded attorney's fees simply by virtue of prevailing in the action: no other precondition need be met, although the fee awarded must be reasonable." Frank Music Corp. v. Metro-Goldwyn-Mayer Inc., 886 F.2d 1545, 1556 (9th Cir. 1989).

Local Rule 55-3 determines attorneys' fees for a default judgment pursuant to a fixed percentage schedule. C.D. Cal. L.R. 55-3. For a judgment between $10,000.01 and $50,000, the schedule of attorneys' fees allows $1,200 plus 6% of the amount over $10,000. Id. Plaintiff requests attorneys' fees in the amount of $3,000 based on its calculation of the fee schedule: $1,200 + 6% of $30,000. Mot. at 10. Plaintiff's calculation is erroneous because, according to Local Rule 55-3, $1,200 is added to 6% of the amount *over* $10,000, not 6% of the entire judgment. Accordingly, the correct calculation would result in attorneys' fees of $2,400: $1,200 + 6% of $20,000. At hearing, plaintiff's counsel agreed that he had made an error in calculating the attorneys' fees.

Although plaintiff has not submitted a bill of fees, the Court is satisfied that an attorneys' fee award of $2,400 is reasonable and that the Local Rule schedule is met.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-07972-CAS-GJSx | Date | March 4, 2019 |
| Title | PATAGONIA, INC. V. TRADITION LLC | | |

### 3. Permanent Injunction

Plaintiff seeks a permanent injunction under the Copyright Act and the Lanham Act enjoining defendant from manufacturing, distributing, or selling goods that copy and infringe the Fitz Roy design. Mot. at 1. The Copyright Act explicitly permits injunctive relief, see 17 U.S.C. § 502(a), as does the Lanham Act, see 15 U.S.C. § 1116(a). While defendants' statutory violation creates the possibility for injunctive relief, the plaintiff's claims must nonetheless satisfy the equitable requirements for a permanent injunction. See eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 394 (2006) (requiring application of "traditional four-factor framework that governs the award of injunctive relief" to a copyright infringement claim). "According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay, 547 U.S. at 391.

"The likelihood of future infringement generally leads to a finding of irreparable harm 'given the difficulty of protecting a right to *exclude* through monetary remedies that allow an infringer to *use* [a protected work] against the [right-holder's] wishes.'" China Central Television v. Create New Technology (HK) Limited, No. CV 15-018669 MMM (AJWx), 2015 WL 12732432, at *20 (C.D. Cal. Dec. 7, 2015) (quoting eBay, 547 U.S. at 395 (Roberts, C.J., concurring) (emphasis in original)). Although the record does not demonstrate that defendant is currently engaging in infringing conduct, plaintiff nonetheless has shown irreparable harm because, by virtue of defendant's failure to respond to this suit, there is no reason to conclude that defendant will not infringe plaintiff's copyright or trademarks in the future. See Jackson v. Sturkie, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("Defendant's lack of participation in this litigation has given the court no assurance that [d]efendant's infringing activity will cease."). Therefore, the Court finds that plaintiff will be irreparably harmed by defendant's continued use and infringement of plaintiff's copyright and trademarks.

Plaintiff has also satisfied the second element concerning inadequate legal remedy. "[M]onetary damages alone are inadequate to compensate [plaintiff] because [defendant's] refusal to participate in the action makes it impossible for [plaintiff] to determine [defendant's] actual profits, the amount of lost income as a result of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-07972-CAS-GJSx | Date | March 4, 2019 |
|---|---|---|---|
| Title | PATAGONIA, INC. V. TRADITION LLC | | |

[defendant's] conduct, or take any action to prevent further infringement." Warner Bros. Home Entm't Inc. v. Jiminez, No. CV 1209160 FMO (JEMx), 2013 WL 3397672, at *7 (C.D. Cal. July 8, 2013). Given the risk of future infringement by defendant, monetary damages for past infringement alone will not adequately compensate for defendant's future acts. Thus, the second element is satisfied.

The third element requiring a balance of hardships favors plaintiff because if the injunction does not issue, defendants are more likely to continue violating plaintiff's rights, imposing a hardship on plaintiff. See Otter Prod., LLC v. Berrios, No. CV 13-4384 RSWL (AGRx), 2013 WL 5575070, at *12 (C.D. Cal. Oct. 10, 2013).

With respect to the fourth element, requiring a consideration of the public interest, the Copyright Act and the Lanham Act explicitly invoke the possibility of injunctive relief, which would serve the public interest of vindicating a law which is intended to encourage innovation. See 17 U.S.C. § 502(a). There are no exceptional facts at issue that show that an injunction would be against the public interest.

Because all of the factors weigh in favor of granting injunctive relief, the Court will enter a permanent injunction enjoining defendant from further infringing plaintiff's copyright and trademarks.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-07972-CAS-GJSx | Date | March 4, 2019 |
|---|---|---|---|
| Title | PATAGONIA, INC. V. TRADITION LLC | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for default judgment.

The Court **ORDERS** that judgment be entered in favor of plaintiff. Defendant shall be liable to plaintiff in the amount of $32,400, which is comprised of $30,000 in statutory damages and $2,400 in attorneys' fees. The Court permanently enjoins defendant from engaging in further infringing activity as set forth in the judgement and permanent injunction issued as of this date.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |